UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ALBERT PURCELL SHOEMAKER**             **CIVIL ACTION**

**VERSUS**                                **NO. 14-163**

**ESTIS WELL SERVICES, L.L.C.**           **SECTION: "G"(4)**

# ORDER

Before the Court is Plaintiff Albert Purcell Shoemaker's "Motion for Declaratory Judgment,"[1] wherein Plaintiff urges this court to declare that "the receipt and release engaged by Albert Shoemaker on May 16, 2012 to be null and void and without effect."[2]

Federal Rule of Civil Procedure 57, which governs declaratory judgments, provides that:

> These rules govern the procedure for obtaining a declaratory judgment under 28 U.S.C.§ 2201. Rules 38 and 39 govern a demand for a jury trial. The existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate. The court may order a speedy hearing of a declaratory judgment *action*.[3]

Thus, under Federal Rule of Civil Procedure 57, "the requirements of pleading and practice in *actions* for declaratory relief are the same as in other *actions*."[4] As a number of circuit and district courts have recognized, under the Federal Rules of Civil Procedure, "a party may not make a *motion* for declaratory relief, but rather, the party must bring an *action* for declaratory judgment."[5] In this

---

[1] Rec. Doc. 8.

[2] Rec. Doc. 8–1 at 10.

[3] Fed. R. Civ. P. 57 (emphasis added).

[4] 10B Charles Alan Wright, et al., Federal Practice and Procedure § 2678 (3d Ed. 2014) (emphasis added).

[5] *Thomas v. Blue Cross and Blue Shield Ass'n*, 594 F.3d 823, 828-830 (11th Cir. 2010) (refusing to construe an order denying the plaintiff's "Motion to Proceed with His Claims against Defendants Blue Cross and Blue Shield of Florida, Inc. and Health Options, Inc." as a declaratory judgment) (quoting *Int'l Brotherhood of Teamsters v. Eastern Conference of Teamsters*, 160 F.R.D. 452, 456 (S.D.N.Y. 1995); *Kam-Ko Bio-Pharm Trading Co. Ltd-Australasia v. Mayne Pharma (USA) Inc.*, 560 F.3d 935, 943 (9th Cir. 2009) (holding that the district court

case, Shoemaker made a motion for declaratory relief, notwithstanding the fact that declaratory relief is not available upon motion. Moreover, Shoemaker's complaint does not contain a claim or action for declaratory relief. Accordingly, the Court is unable to construe Shoemaker's "Motion for Declaratory Judgment" as a motion for summary judgment, and no other motion seems appropriate based on what has been filed into the record and briefed for the Court.

In his briefing in support of this motion, Shoemaker argues that he has commenced "an independent action in equity," and contends that *Turner v. Pleasant*[6] permits him to seek declaratory relief in the present case.[7] However, in *Turner*, the plaintiffs filed an *action* specifically urging the court to vacate a judgment based on allegations that the defendants improperly influenced the district judge.[8] In this case, the plaintiff's complaint contains no such allegations and seeks no such relief, making *Turner* inapposite. Accordingly, having been provided no claim, action, or standard by which to evaluate or construe Shoemaker's pending motion,

**IT IS ORDERED** that Shoemaker's motion is **DENIED.**

**NEW ORLEANS, LOUISIANA**, this   19th   day of August, 2014.

                                      **NANNETTE JOLIVETTE BROWN**
                                      **UNITED STATES DISTRICT JUDGE**

---

properly construed the plaintiff's "motion" for declaratory judgment as a motion for summary judgment on the plaintiff's "action for declaratory judgment") (quoting *Teamsters*, 160 F.R.D. at 456); *Enniss Family Realty I, LLC v. Schneider Nat. Carriers, Inc.*, 916 F.Supp. 2d. 702, 711 (S.D. Miss. 2013)(construing defendant's "Motion to Declare" as a motion for partial summary judgment) (quoting *Teamsters*, 160 F.R.D. at 456).

[6] 663 F.3d 770 (5th Cir. 2011).

[7] Rec. Doc. 20 at 1.

[8] 663 F.3d at 774-75.