UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ALBERT PURCELL SHOEMAKER                    CIVIL ACTION

VERSUS                                      NO. 14-163

ESTIS WELL SERVICES, L.L.C.                 SECTION: "G"(1)

## ORDER

In this action, Plaintiff Marilyn Shoemaker ("Plaintiff"), suing on behalf of her son and alleged interdict Albert Purcell Shoemaker ("Mr. Shoemaker"), seeks compensation for injuries suffered by Mr. Shoemaker aboard an inland drill barge allegedly owned and operated by Defendant Estis Well Service, LLC ("Estis"). Pending before the Court is Estis's "Motion to Dismiss and Alternatively for Summary Judgment Due to *Res Judicata*."[1] Having considered the complaint, the answer, the memorandum in support, the memorandum in opposition, and the applicable law, the Court will deny the pending motion.

## I. Background

### A.     *Factual Background*

In her complaint, Plaintiff contends that Mr. Shoemaker was injured on September 28, 2011 while he was employed as a seaman aboard an inland drill barge operated by Estis.[2] Plaintiff alleges that while Mr. Shoemaker was "attempting to perform assigned chores" aboard Estis's vessel, he suffered "severe and permanently disabling burn injuries" to numerous parts of his body, plus brain, bone, muscle, tissue, and nerve injuries.[3]  Plaintiff asserts that these injuries resulted from Estis's negligence and from the unseaworthiness of the inland drill barge on which Mr. Shoemaker was

---

[1] *Id.*

[2] Rec. Doc. 1 at p. 1.

[3] *Id.*

working.[4] She maintains that Mr. Shoemaker's injuries have "greatly impaired his wage earning capacity," entitling him to damages.[5]

**B.      Procedural Background**

This is the second time that claims arising from Mr. Shoemaker's September 28, 2011 accident have been before this Court. Mr. Shoemaker himself filed an action in this Court against Estis on October 12, 2011, making essentially identical allegations to those present here.[6] Mr. Shoemaker and Estis settled that action on March 8, 2012,[7] and this Court dismissed Mr. Shoemaker's case on May 16, 2012.[8]

Subsequently, on November 5, 2013, Plaintiff allegedly filed a Petition for Interdiction against Mr. Shoemaker in the 21st Judicial District Court in Tangipahoa Parish.[9] That court, Plaintiff contends, granted the petition for interdiction on December 10, 2013, decreeing that Mr. Shoemaker was "incapable of taking care of his person and administering his affairs" and appointing Plaintiff as his curatrix.[10]

In her capacity as alleged curatrix of Mr. Shoemaker, Plaintiff filed the present action against Estis in this Court on January 21, 2014.[11] The Clerk of the Court assigned the action to Section "E"

---

[4] *Id.* at pp. 1–2.

[5] *Id.* at p. 2.

[6] *Compare Shoemaker v. Estis Well Serv., LLC*, No. 11-2562, Rec. Doc. 1 *with Shoemaker v. Estis Well Serv., LLC.*, No. 14-163, Rec. Doc. 1.

[7] *Id.* Rec. Doc. 47.

[8] *Id.* Rec. Doc. 50.

[9] *See* Rec. Doc. 11-1 at 1.

[10] *See Id.* at 8.

[11] Rec. Doc. 1.

on the following day.[12]  Estis filed an Answer on February 13, 2014.[13] On February 18, 2014, Shoemaker filed a "Motion for Declaratory Judgment."[14] On March 6, 2014, Estis filed the instant motion to dismiss. On March 25, 2014, Section "E" transferred the matter to this section, Section "G," due to the relationship between Mr. Shoemaker's 2011 action and this action.[15]

## II. Parties' Arguments

**A.      *Estis's "Motion to Dismiss and Alternatively for Summary Judgment Due to Res Judicata"***

In the pending motion,[16] Estis contends that Plaintiff's present action is barred by *res judicata*, "because the exact same claim for seaman's personal injuries arising out of the exact same incident was the subject of a prior lawsuit in this District[,]" and was fully settled, compromised, and dismissed.[17] Estis argues that while *res judicata* is generally addressed on a motion for summary judgment, this Court may also address *res judicata* on a motion to dismiss where both actions were brought before the same Court or where "all of the relevant facts are contained in the record . . . and all are uncontroverted."[18]

Estis asserts that four elements are required to establish that a claim is barred by *res judicata*—first, "the parties must be identical in the two actions;" second, "the prior judgment must

---

[12]  Rec. Doc. 2.

[13] Rec. Doc. 4.

[14] Rec. Doc. 8. This Court denied Shoemaker's motion on August 19, 2014. *See* Rec. Doc. 35.

[15] Rec. Doc. 25.

[16] Rec. Doc. 10.

[17] Rec. Doc. 10 at p. 1.

[18] Rec. Doc. 10–2 at p. 8.

have been rendered by a court of competent jurisdiction;" third, "there must be a final judgment on the merits," and fourth, "the same claim or cause of action must be involved in both cases."[19]  Estis argues that all four elements are satisfied here, because: (1) the parties in both the present action and the 2011 action are identical; (2)  the judgment in the 2011 action was issued by this Court, which is a Court of competent jurisdiction; (3) the 2011 action was fully compromised and dismissed by a final judgment of this Court; and (4) the complaint in the present action is "virtually identical" to the complaint in the 2011 action.[20] Finally, Estis avers that Plaintiff "was directly and personally involved in the negotiated settlement" in the 2011 action, and "cannot re-file and re-litigate the claim in the present case."[21]

**B.**     ***Shoemaker's Opposition***

In opposition, Plaintiff asserts that seaman's releases are subject to careful scrutiny, and contends that Mr. Shoemaker "was at a distinct disadvantage in negotiating with Estis[,]" since he was, at the time of settlement, "without counsel in the two critical areas of both legal and medical advice."[22] Plaintiff avers that "[Mr. Shoemaker] was not capable of conducting such an important matter as the settlement of his Jones Act suit," due to his traumatic brain injury. Plaintiff asserts  that although Mr. Shoemaker could "make a perfunctory appearance before a court, he suffered a severe and debilitating traumatic head injury that rendered him incompetent," and "[t]here was no way for

---

[19] *Id.* at p. 9.

[20] *Id.*  at pp. 9–10.

[21] *Id.* at p. 10.

[22] Rec. Doc. 22 at pp. 7–8.

this [C]ourt to know the extent of the brain injury when he was presented before the magistrate."[23] Thus, since Mr. Shoemaker "lacked the mental capacity to fully comprehend the significance of the rights he was giving up and the numerous provisions of the [Receipt, Release, ad Indemnity Agreement from the 2011 action]," and since Mr. Shoemaker "ultimately negotiated" that agreement "without legal counsel," his agreement "does not meet the stated factors required to show that [Mr. Shoemaker] understood his rights and the effect of his action."[24] Therefore, Plaintiff asserts, Estis's motion should be denied.

### III. Law and Analysis

*A.*     ***Applicable Legal Standard***

As an initial matter, it is necessary to determine whether the present motion should be construed as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) or as a motion for summary judgment under Federal Rule of Civil Procedure 56. Estis asserts that the Court may decide the motion under the standard governing motions filed pursuant to either of these two rules.[25]

The Fifth Circuit instructs that "generally, a party cannot base a 12(b)(6) motion on *res judicata*," since *res judicata* "must be pleaded as an affirmative defense" and addressed either at trial or on summary judgment.[26] However, where "both actions were brought before the same court," the Fifth Circuit holds that a court may *sua sponte* dismiss an action on *res judicata* grounds in the

---

[23] *Id.* at p. 9.

[24] *Id.* at pp. 9–10.

[25] Rec. Doc. 10–2 at p. 8.

[26] *Moch v. E. Baton Rouge Parish Sch. Bd.*, 548 F.2d 594, 596 n.1 (5th Cir. 1977). *See also Am. Realty Trust, Inc. v. Hamilton Lane Advisors, Inc.*, 115 Fed. App'x 662, 664 n. 1 (5th Cir. 2004) ("*Res judicata* is an affirmative defense that should not be raised as part of a 12(b)(6) motion, but should instead be addressed at summary judgment or at trial.").

interest of judicial economy.[27] Likewise, a court may dismiss an action on *res judicata* grounds "where all of the relevant facts are contained in the record . . . and all are uncontroverted."[28]

In the present case, Estis filed an answer[29] before it filed the present motion,[30] and it asserted *res judicata* as an affirmative defense in that answer.[31] Federal Rule of Civil Procedure 12(b) expressly states that "[a] motion asserting [any defenses set forth in Rule 12(b)] must be made before pleading if a responsive pleading is allowed." Since a responsive pleading has been filed, the Court cannot construe Estis's motion under Federal Rule of Civil Procedure 12(b)(6). Although the Fifth Circuit appears to allow *sua sponte* dismissal of actions based on *res judicata* in some circumstances, Estis has asserted the defense of *res judicata* in its pleadings and in the present motion, and the Court will therefore address the arguments raised in these filings. To do so, it will apply the standard that "generally" applies where *res judicata* is asserted: the standard governing motions for summary judgment under Federal Rule of Civil Procedure 56.

---

[27] *Mowbray v. Cameron County, Tex.*, 274 F.3d 269, 281 (5th Cir.2001). *See also LaCroix v. Marshall County, Miss.*, 409 Fed. App'x 794, 798–99 (5th Cir. 2011) ("There are two exceptions to this general rule. The first . . . applies to 'actions [that] were brought before the same court[.]' . . . The other exception involves the situation in which all relevant data and legal records are before the court and the demands of comity, continuity in the law, and essential justice mandate judicial invocation of the principles of res judicata.").

[28] *Id. See, e.g. LaCroix v. Marshall Co., Miss.*, 409 Fed. App'x 794, 799 (5th Cir. 2011) ("The record is replete with information about the state-court proceedings, and the relevant facts are uncontroverted. The record contained everything the district court needed to rule on res judicata, including the entirety of the state-court complaint and the state trial court's final judgment. There is also a lengthy published opinion from the Mississippi Court of Appeals explaining the procedural history of the LaCroixs' Mississippi case.")

[29] Rec. Doc. 4.

[30] Rec. Doc. 10.

[31] Rec. Doc. 4 at p. 1. ("All claims asserted in the original complainant [sic] filed herein have been previously adjudicated and dismissed under Docket No. 11–cv–02562 of this honorable Court. Accordingly, all claims asserted herein should be dismissed under *res judicata*.")

**B.**     *Summary Judgment Standard*

Under Federal Rule of Civil Procedure 56(a),

> A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

On a motion for summary judgment, the moving party bears the  burden of demonstrating that no genuine issue of material fact exists.[32]  If the movant carries this burden, "the burden shifts to the nonmovant to show that summary judgment should not be granted."[33] "A properly supported motion for summary judgment may not rest upon mere allegations or denials in a pleading, and unsubstantiated assertions that a fact issue exists will not suffice."[34] Rather, for the nonmovant to carry its burden, it must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case."[35] In resolving a motion for summary judgment, this Court "views all disputed facts in the light most favorable to the non-moving party,"[36] and will grant the motion "if, drawing all reasonable inferences in favor of the nonmoving party, there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[37]

---

[32] *Firman v. Life Ins. Co. of N. Am.*, 684 F.3d 533, 538 (5th Cir. 2012).

[33] *Id.* (citations omitted).

[34] *Id.* (citations omitted).

[35] *Id.* (citations omitted).

[36] *Int'l Fidelity Ins. Co. v. Sweet Little Mexico Corp.*, 665 F.3d 671, 679 (5th Cir. 2011) (citations omitted).

[37] Fed. R. Civ. P. 56(a). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994).

*C.*     ***Res Judicata***

In the present case, it is undisputed that Mr. Shoemaker filed the 2011 action and subsequently executed an agreement to settle his claims and release Estis from liability.[38] It is also undisputed that the Court dismissed Mr. Shoemaker's action following the resolution of his claims against Estis.[39] Estis asserts that this procedural history requires the Court to dismiss Plaintiff's action under the doctrine of *res judicata*.[40]

In *In re Ark-La-Tex Timber Co., Inc.*, the Fifth Circuit set forth the requirements for claim preclusion under the doctrine of *res judicata*, instructing that four elements must be met to establish that a claim is barred:

> (1) [T]he parties must be identical in the two actions;
> (2) [T]he prior judgment must have been rendered by a court of competent jurisdiction;
> (3) [T]here must be a final judgment on the merits; and
> (4) [T]he same claim or cause of action must be involved in both cases.[41]

Estis contends that here: (1) the first element is met, because the "first case was brought directly by Albert Shoemaker and the present case is brought by a representative for Albert Shoemaker on his behalf;"[42] (2) the second element is met, because both this action and the 2011 action were brought in this Court, which is competent to adjudicate the claims;[43] (3) the third element is met, because

---

[38] *See* Rec. Doc. 10–1 at pp. 2, 5–6; Rec. Doc. 22–7 at pp. 1, 3.

[39] *See Id.*

[40] Rec. Doc. 10–2 at pp. 9–10.

[41] *In re Ark-La-Tex Timber Co., Inc.*, 482 F.3d 319, 330 (5th Cir. 2007).

[42] Rec. Doc. 10–2 at p. 9.

[43] *Id.*

8

"there was a complete compromise which resulted in a judgment of dismissal of the prior action;"[44] and (4) the fourth element is met, because both the present action and the 2011 action "assert the exact same claims under the Jones Act and the general maritime law," set forth in "virtually identical" complaints.[45] Plaintiff does not dispute any of these arguments.

Applying *Ark-La-Tex* here, Court finds that Estis has carried its burden of establishing that no genuine issue of material fact exists concerning whether Shoemaker's claims are barred by *res judicata*. First, although Plaintiff was not a party to the 2011 action, she alleges in the present action that she seeks relief on behalf of Mr. Shoemaker. The United States Supreme Court has held that preclusion is appropriate "when a person who did not participate in a litigation later brings suit as the designated representative of a person who was a party to the prior adjudication,"[46] which is the case here. Second, the prior judgment was rendered by this Court, which is competent to hear the Jones Act and General Maritime claims at issue both in the 2011 action and here.[47] Third, it is undisputed that a compromise agreement was reached in which Mr. Shoemaker released all of his claims against Estis, prompting this Court's dismissal of the 2011 action conditioned upon consummation of the agreement.[48] Finally, it is undisputed, and is plainly evident from the complaint

---

[44] *Id.*

[45] *Id.* at p. 10.

[46] *Taylor v. Sturgell*, 553 U.S. 880, 895 (2008).

[47] *See* 46 U.S.C. § 30104 ("A seaman injured in the course of employment or, if the seaman dies from the injury, the personal representative of the seaman may elect to bring a civil action at law, with the right of trial by jury, against the employer. Laws of the United States regulating recovery for personal injury to, or death of, a railway employee apply to an action under this section."); 28 U.S.C. § 1333 ("The district courts shall have original jurisdiction, exclusive of the courts of the States, of: (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.").

[48] *See* Rec. Doc. 10–1 at pp. 2, 5–6; Rec. Doc. 22–7 at pp. 1, 3; No. 11-2562, Rec. Doc. 50.

in this action and the complaint in the 2011 action, that the same claims and causes of action are at

issue in both cases. Plaintiff's complaint in the present action is identical to Mr. Shoemaker's

complaint in the 2011 action, save for new language that identifies Plaintiff as Mr. Shoemaker's

curatrix and requests punitive damages.[49] For these reasons, Estis has established that no genuine

issue of material fact exists regarding whether Plaintiff's claims are barred by *res judicata*, carrying

its burden under Federal Rule of Civil Procedure 56.

**D.      Shoemaker's Capacity**

    Since Estis has carried its burden of showing that Plaintiff's claims are barred by *res judicata*

"the burden shifts to the [Plaintiff] to show that summary judgment should not be granted."[50]

Plaintiff argues that the settlement is invalid due to the circumstances in which it was completed.

In support of this assertion, Plaintiff cites several cases, of which only two expressly address

litigation after the entry of judgment after settlement, and only one addresses *res judicata*.[51]

---

    [49] *Compare* No. 11-2562, Rec. Doc. 1 *with* No. 14-163, Rec. Doc. 1. The Fifth Circuit noted that the *Wink* plaintiff sought additional damages in his second action, but this additional claim did not play a role in the court's analysis, which focused on whether the district court had properly scrutinized the settlement agreement in the first action.

    [50] *Firman,* 684 F.3d at 538 (citations omitted).

    [51] *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 304 (5th Cir. 2007); *Wink v. Rowan Drilling Co.*, 611 F.2d 98, 100 (5th Cir. 1980). Shoemaker's other cited cases address the validity of settlement agreements reached before litigation, and therefore are not instructive where, as here, the *res judicata* effect of prior settlement and dismissal is at issue. *See Halliburton v. Ocean Drilling & Exploration Co.*, 620 F.2d 444, 445 (5th Cir. 1980) (reversing district court's order granting summary judgment to the defendant based on seaman's release, without discussing when that release was executed); *Durden v. Exxon Corp.*, 803 F.2d 845, 847–48 (5th Cir. 1986) (upholding district court's entry of directed verdict as to Jones Act claims settled before litigation); *Simpson v. Lykes Bros.*, 22 F.3d 601 (5th Cir. 1994) (affirming district court's order granting summary judgment to the defendant based on settlement and release executed before litigation); *Castillo v. Spiliada Maritime Corp.*, 937 F.2d 240, 241–43 (5th Cir. 1991) (reversing district court's dismissal based on statutory "good faith" requirement after plaintiffs renounced settlement agreement executed before litigation).

1.      **Plaintiff's Cited Cases**

In *Wink v. Rowan Drilling Co.*, cited by Plaintiff, the seaman plaintiff filed two successive actions against the defendant.[52] In the first action, the parties filed a joint stipulation of facts and reached a settlement agreement, which the district court approved, resulting in dismissal.[53] Two years later, the plaintiff filed a Rule 60(b) motion for relief from the judgment in the first action, and also filed a new complaint seeking to recover additional damages.[54] The district court denied the Rule 60(b) motion and dismissed the second action based on *res judicata*, finding that the plaintiff had "failed to carry the burden of proving either his own incapacity or fraud and overreaching by the defendant."[55]

The Fifth Circuit reversed and ordered the district court to permit the plaintiff to proceed with his new action, reasoning that although public policy generally "requires that a party seeking relief from a two-year-old judgment should bear the burden of proving that [the] judgment [is] invalid," (1) the judgement in dispute "did not result from a litigated determination of the merits of the case," (2) both the pleadings and the stipulation "were prepared by [the defendant] and agreed to by the seaman without any advice from outside counsel," (3) the court's judgment, "filed the same day as the pleadings, mirrors the language used in the stipulation of facts," and (4) "most importantly," the scant record of the proceedings below did not permit the panel to evaluate whether

---

[52] 611 F.2d at 100.

[53] *Id.*

[54] *Id.*

[55] *Id.*

11

the district court "merely rubber-stamped the parties' extrajudicial agreement."[56] Under those circumstances, the court concluded, the defendant, "rather than the seaman," should "bear the burden of proving that [the seaman] was fully capable of understanding the . . . proceedings and appreciated the consequences of his acts."  In its instructions to the district court, Fifth Circuit held that the defendant, having the burden of proof, could "claim the prior settlement as a defense" in the second action, but that the court "should set aside the prior judgment and proceed accordingly" if the plaintiff prevailed on the issue.[57]

In *Steverson v. GlobalSantaFe Corp.*, also cited by Plaintiff, the Fifth Circuit vacated the district court's order denying the plaintiff's Federal Rule of Civil Procedure 60(b) motion for relief from its order of dismissal.[58] There, the plaintiff's attorney negotiated a settlement, and the district court entered an order of dismissal.[59] Eight days later, the plaintiff "rejected the offer of settlement" and fired his attorney, prompting the defendant to file a motion to compel settlement and the plaintiff to counter with a Rule 60(b) motion to vacate the judgment of dismissal and a request for an evidentiary hearing.[60] The district court denied the plaintiff's motion and ordered the enforcement of the settlement agreement without an evidentiary hearing, and the plaintiff in turn appealed.[61]

The Fifth Circuit held that the district court erred in failing to hold an evidentiary hearing

---

[56] *Id.* at 101.

[57] *Id.* at 101–2.

[58] 508 F.3d at 302.

[59] *Id.* at 303.

[60] *Id.*

[61] *Id.*

to determine whether the plaintiff had "an informed understanding of his rights and a full appreciation of the consequences of the settlement," with such a determination being consistent with the district court's obligation to "jealously protect" the plaintiff's rights.[62] In reaching this holding, the Fifth Circuit reasoned that: (1) the language of the order of dismissal was "confusing," (2) the settlement negotiations were conducted without the plaintiff present; (3) the "court did not question [the plaintiff] regarding whether he agreed to the amount of the settlement;" (4) "no record of the settlement was taken by the court;" (5) no written document authorized the plaintiff's attorney to settle for the amount stated in the putative settlement agreement; and (6) the record contained no other evidence demonstrating that the plaintiff "knowingly relinquished his rights and had a full appreciation of the consequences at the time of the settlement."[63]

## 2.    Application

The procedural history of the present case is different from the procedural history at issue in *Wink* and *Steverson*. Unlike the plaintiffs in *Wink* and *Steverson*, Plaintiff here has not filed a post-judgment Rule 60 motion challenging the validity of Mr. Shoemaker's settlement agreement.[64] When a seaman plaintiff challenges the validity of a settlement agreement in a post-judgment motion, the Fifth Circuit instructs that the district court "must hold a hearing on the disputed issues of the validity and scope of the agreement."[65] At this hearing, the defendant bears the burden of

---

[62] *Id.* at 306.

[63] *Id.* at 304–5.

[64] *See* No. 11-2562, Rec. Doc. 50. The present case is also distinguishable from *Steverson* since it is a second, successive action, rather than a direct attack on a judgment in the same proceeding where the judgment was entered. In *Steverson*, the doctrine of *res judicata* was not at issue.

[65] *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F.2d 599 (5th Cir. 2007) (citations omitted).

proof.[66] In *Wink*, the Fifth Circuit addressed both the denial of a post-judgment Rule 60 motion in the first-filed case and the dismissal of a complaint in the second-filed case, and held that the district court should determine the disputed validity of the judgment—in other words, resolve the post-judgment Rule 60 motion—before proceeding to the merits of the plaintiff's newly–filed claims, stating that:

> Generally, public policy requires that a party seeking relief from a two-year-old judgment should bear the burden of proving that judgment invalid. As in *Gueho*, however, the judgment in this case did not result from a litigated determination of the merits of the case. Both the pleadings and the joint stipulation of facts were prepared by Rowan and agreed to by the seaman without any advice from outside counsel. The court's judgment, filed the same day as the pleadings, mirrors the language used in the stipulation of facts. And, most importantly, the absence of any record of the 1972 proceeding raises the possibility that the court merely rubber-stamped the parties' extrajudicial agreement.
>
> We believe that these circumstances require that Rowan, rather than the seaman, bear the burden of proving that Wink was fully capable of understanding the 1972 proceedings and appreciated the consequences of his acts. Accordingly, we reverse the district court and remand with instructions that Wink be permitted to proceed with his new action against Rowan. Rowan may claim the prior settlement as a defense, but it must bear the burden of proving that Wink had an informed understanding of the significance of the settlement when he signed it. Should Wink prevail at trial on this issue, the court should set aside the prior judgment and proceed accordingly.[67]

---

[66] *Castillo v. Spiliada Mar. Corp.*, 937 F.2d 240, 244 (5th Cir. 1991) ("The burden of proof in establishing the validity of a seaman's release is on the shipowner. The shipowner must show that the seaman's release 'was executed freely, without deception or coercion, and that it was made by the seaman with full understanding of his rights.'").

[67] 611 F.2d at 101.

More closely on point with the present case are the decisions in *Gueho v. Diamond M. Drilling Co.*,[68] and *Gauthier v. Continental Diving Services, Inc.*,[69] in which the Fifth Circuit, without noting whether any Rule 60 motions had been filed, affirmed district courts' judgments in cases where the plaintiffs, in subsequent actions, successfully attacked the validity of a settlement agreement reached in a prior case.[70]

In *Gueho,* the plaintiff entered into a settlement agreement with the defendant, and then filed a second action alleging that the settlement was invalid.[71] The district court vacated the settlement and the case proceeded to trial, with the trial resulting in judgment for the plaintiff.[72] The defendant appealed, and the Fifth Circuit affirmed the judgment of the trial court, concluding that the district court's decision to vacate the settlement was supported by an adequate factual basis.[73]

In *Gauthier v. Continental Diving Services, Inc.*,[74] the plaintiff and the defendant entered into a settlement agreement, reduced it to a stipulation of facts, and presented it to a Louisiana state court judge.[75] Based on the parties' stipulation, the state court entered a judgment in the plaintiff's favor

---

[68] 524 F.2d 986, 987 (5th Cir. 1975).

[69] 831 F.2d 559, 561–62 (5th Cir. 1987).

[70] In so holding, the Fifth Circuit emphasized the long-standing principles that "wards of admiralty whose rights federal courts are duty-bound to zealously protect," *Gauthier*, 831 F.2d at 561, and therefore that "settlements involving seamen's rights" are "subject to careful scrutiny." *Gueho*, 524 F.2d at 987. *See also Garrett v. Moore-McCormack Co.*, 317 U.S. 239, 246 (1942) (same).

[71] 524 F.2d at 987.

[72] *Id.*

[73] *Id.*

[74]

[75] 831 F.2d at 560.

under the Jones Act and General Maritime Law.[76]  The plaintiff later filed a second action in federal

district court, asserting claims under the Jones Act and General Maritime Law arising from the same

injuries that formed the basis of his state-court settlement with the defendant.[77] The defendant moved

for summary judgment on *res judicata* grounds, and the district court denied the motion, reasoning

that the plaintiff had "raise[d] doubts" about certain promises allegedly made to the plaintiff in

consideration for his agreement to settle and about the accuracy of the medical information "upon

which [the] plaintiff may have based his  agreement to settle."[78] The case then proceeded to trial, and

the jury returned a verdict in the plaintiff's favor.[79] On appeal, the Fifth Circuit held that the plaintiff

was not precluded from attacking the validity of the state-court judgment.[80] Applying *Gueho*, the

court concluded that sufficient evidence supported the jury's finding that the settlement was

invalid.[81]

The Fifth Circuit's decisions in *Gueho*, *Gauthier*, and *Wink* illustrate that a plaintiff may

attack the validity of a settlement agreement in a subsequent action, and *Gauthier* demonstrates that

such an attack may present factual issues that preclude summary judgment premised upon *res

judicata*. In the present case, as in *Gauthier*, Plaintiff has attacked the validity of Mr. Shoemaker's

---

[76] *Id.*

[77] *Id.*

[78] *Id.*

[79] *Id.*

[80] 831 F.2d at 562  ("In summary, we conclude that: (1) the Rooker-Feldman doctrine does not apply to deprive the federal court of jurisdiction to consider Gauthier's attack on the state court judgment; (2) the district court correctly applied the general maritime law to determine the effect of the state court consent judgment; (3) applying the general maritime law to this attack on a seaman's release, the record evidence amply supports the jury's verdict and the district court's judgment on the verdict annulling the earlier settlement and consent decree").

[81] *Id.* at 562.

settlement, and her arguments on this point establish  the existence of unresolved, genuine issues of material fact that preclude summary judgment at this time.

**IV. Conclusion**

Although Estis has established that *res judicata* precludes the claims set forth in Plaintiff's complaint, Plaintiff has challenged the validity of the settlement agreement reached in the prior case, and has thus raised factual issues that prevent the Court from granting summary judgment due to *res judicata* at this time. Accordingly,

**IT IS ORDERED** that Estis's motion is **DENIED.**

**NEW ORLEANS, LOUISIANA**, this __9th__ day of December, 2014.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

17